**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION #99; ALLEN P. DURAND, et al., TRUSTEES; and THE RHODE ISLAND AND SOUTHEAST MASSACHUSETTS CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION

Plaintiffs

v.

PROVIDENCE CIVIC CENTER AUTHORITY

Defendant

CA 05 043S

CA. NO.

# COMPLAINT

## PARTIES

1. Plaintiff, International Brotherhood of Electrical Workers Local Union #99 ("Local 99") is the exclusive bargaining representative for certain employees of Defendant, and as such, is a labor organization representing employees in an industry affecting commerce as defined in Sections 501(1), (3), & 2(5) of the *Labor Management Relations Act of 1947* ("LMRA") (29 U.S.C.S. §142(1), (3) & 152(5)) and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185). Local 99 administers the *Local 99 Dues Fund*, the *Local 99 Building Fund*, and the *Local 99 P.A.C. Fund* (the "Local 99 Funds"), and brings this action in its capacity as administrator of the Local 99 Funds on behalf of said Local 99 Funds. Local 99 maintains its principal offices at Ninety-Nine Way, in the City of Cranston, State of Rhode Island.

2. Plaintiffs Allen P. Durand, et al., Trustees ("Trustees"), are the trustees of the *Local 99 Health and Welfare Trust Fund*, the *Local 99 Retirement Trust Fund*, the *Local 99 Annuity Trust Fund*, and the *Local 99 Joint Apprenticeship and Training Trust Fund* (the "Local 99 Benefit Trust Funds"), each of which Trust Funds is governed by the provisions of the *Employee Income Security Act of 1974* ("ERISA") and other applicable federal laws. The Trustees bring this action in their capacities as trustees on behalf of the Local 99 Benefit Trust Funds.

3. Plaintiff, Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA"), is an organization formed for the purpose of



(1)

protecting the rights of and bargaining for certain electrical contractors who employ electrical union members. NECA administers the Rhode Island and Southeast Massachusetts jurisdiction of the *National Electrical Benefit Fund* (the "NEBF"), and brings this action in its capacity as administrator of the NEBF on behalf of the NEBF. NECA maintains its principal offices at 779 Park Avenue, in the City of Cranston, State of Rhode Island.

4. Defendant, the Providence Civic Center Authority ("PCCA") is an administrative body and component of the City of Providence created by the Rhode Island State Legislature pursuant to Section 1104 of the City of Providence Home Rule Charter, and pursuant to said Home Rule Charter the PCCA is responsible for maintaining, improving, and operating the Providence Civic Center, which is located at One LaSalle Square, in the City of Providence, State of Rhode Island. Also pursuant to Section 1104 of the Home Rule Charter, the PCCA possesses the authority to enter into contracts in conjunction with its above-stated responsibilities. At all times herein relevant, Defendant PCCA was a party to a Collective Bargaining Agreement (contract) with Local 99 obligating the PCCA to make contributions on behalf of certain of its employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF, and thus PCCA was and is an employer in an industry affecting commerce, as defined in Sections 501(1), (3), & 2(2) of the LMRA (29 U.S.C.S. §142 (1), (3) & 152 (2)), and within the meaning of Section 301 of the LMRA (29 U.S.C.S. §185). Upon information and belief, as of February 1, 1992 the Civic Center and all funds and assets of the PCCA became the property of the City of Providence.

## JURISDICTION

5. This action arises under, and jurisdiction is conferred upon this Court, by virtue of Section 502 of ERISA (29 U.S.C.S. §1132) and Section 301 of the LMRA (29 U.S.C.S. §185).

## COUNT I
### Breach of Duty Under the Collective Bargaining Agreement and Section 515 of ERISA (29 U.S.C.S. §1145)

6. Plaintiffs incorporate paragraphs 1 through 5 as though fully set forth herein.

7. At all times relevant hereto, Local 99 and the PCCA have been parties to and operated under a Collective Bargaining Agreement whereby Local 99 acts as the bargaining agent for all PCCA employees who are members of Local 99, and whereby the PCCA was obligated to make contributions on behalf of such employees to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF.

8. Some or all of the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF were established pursuant to and are employee benefit funds administered in accordance with Section 302 of the LMRA (29 U.S.C.S. §186) and Section 402 of ERISA (29 U.S.C.S. §1102).

9. The Defendant PCCA has become severely delinquent in various amounts that it owes to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF under the Collective Bargaining Agreement. The following is a summary of the *principal* amounts only, *excluding interest*, of the delinquent contributions owed by the Defendant PCCA as of March, 2004:

| | | |
|---|---|---|
| • approximately ... | **$27,411.80** | **to the H&W Fund;** |
| • approximately ... | **$9,674.84** | **to the Pension Fund;** |
| • approximately ... | **$25,799.67** | **to the Annuity Fund;** |
| • approximately ... | **$1,612.36** | **to the JATC Fund;** |
| • approximately... | **$4,837.38** | ***to the* NEBF;** |
| • approximately ... | **$6,167.67** | **to the Local 99 Dues Fund;** |
| • approximately ... | **$1,612.36** | **to the Local 99 Building Fund; and** |
| • approximately ... | **$239.86** | **to the Local 99 P.A.C. Fund;** |
| **• Total principal amount due...** | | **approximately $77,355.94** |

(See ***Exhibit "A"*** attached hereto for a more detailed accounting of several of the above-listed delinquent amounts).

10. The Defendant PCCA is also delinquent in all employee contributions it owes to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF under the Collective Bargaining Agreement from March, 2004 through the present date, and has filed no contribution reports since March, 2004 indicating the amounts of employee contributions it owes since that time and has failed to remit.

11. Pursuant to the Collective Bargaining Agreement and the Plaintiff Trustees' *Delinquent Contribution Collection Policy*, the PCCA is also obligated to pay to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF, interest accrued on the above-stated delinquent contribution amounts, as well as applicable collection and litigation costs and expenses.

12. In and around August of 2003 the PCCA entered into a documented informal payment agreement with Local 99 and the Trustees in order to pay all employee contribution amounts that were delinquent at that time, further agreeing to make all future employee contributions on a timely basis.

13. In and around December of 2003 the PCCA defaulted on its obligations under the above-described informal payment agreement, and Defendant has failed to tender all other contributions it owes since that time.

14. Thus, the Defendant PCCA has breached its duties under the Collective Bargaining Agreement and under Section 515 of ERISA (29 U.S.C.S. §1145) by failing to make all of its obligatory employee contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF, and the Defendant PCCA thereby owes the above-stated amount plus

accrued interest and applicable collection and litigation costs and expenses.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) For employee contributions owed but not paid as of March, 2004, the sum of $77,355.94, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) An amount owed for all additional employee contributions which have become due but were not paid after March, 2004 through and including the date of judgment, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(3) Any such other relief that the Court deems just and proper.

**COUNT II**
**Breach of Fiduciary Duty Under Section 409 of ERISA**
**(29 U.S.C.S. §1109)**

15. Plaintiffs incorporate paragraphs 1 through 14 as if fully set forth herein.

16. The Defendant PCCA has breached its fiduciary duties under Section 409 of ERISA (29 U.S.C.S. §1109) by failing to make contributions to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF as required by the Collective Bargaining Agreement.

**WHEREFORE**, Plaintiffs request that the Court award:

(1) For employee contributions owed but not paid as of March, 2004, the sum of $77,355.94, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) An amount owed for all additional employee contributions which have become due but were not paid after March, 2004 through and including the date of judgment, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages,

including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(3) Any such other relief that the Court deems just and proper.

**COUNT III**
**Breach of the Duty of Good Faith Under Section 8(a)(5) of the LMRA**
**(29 U.S.C.S. §158 (a)(5))**

17. Plaintiffs incorporate paragraphs 1 through 16 as if fully set forth herein.

18. Local 99 has requested information from the Defendant concerning its employees and contributions owed since March, 2004, which information is necessary to properly and effectively represent its bargaining unit members and account for additional amounts owed to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF.

19. Defendant has failed to adequately respond to said request for information. Such failure violates Defendant's duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

20. Defendant's failure to tender timely contributions to the to the Local 99 Funds, the Local 99 Benefit Trust Funds, and the NEBF as required by the Collective Bargaining Agreement also violates Defendant's duty to act in good faith under Section 8(a)(5) of the LMRA (29 U.S.C.S. §158(a)(5)).

**WHEREFORE**, Plaintiffs request that the Court award:

(1) For employee contributions owed but not paid as of March, 2004, the sum of $77,355.94, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(2) An amount owed for all additional employee contributions which have become due but were not paid after March, 2004 through and including the date of judgment, plus interest accrued from the date(s) of delinquency until the date of payment, plus applicable collection and litigation costs and other damages, including reasonable attorneys' fees, pursuant to 29 U.S.C.S. §1132(g)(2) and 28 U.S.C.S. §1961 and pursuant to the Collective Bargaining Agreement and the Trustees' *Delinquent Contribution Collection Policy*.

(3) Any such other relief that the Court deems just and proper.

**Dated:** Jan 20, ~~2004~~ 2005

Plaintiffs,
By Their Attorneys,

Jeffrey M. Gibson

Jeffrey M. Gibson (#3046)
RODIO & URSILLO, LTD.
86 Weybosset Street
Providence, RI 02903
(401) 331-6400

# *EXHIBIT "A"*

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | Civic Center Contractors Report and Payment History - Year 2003 | | | | | | | | | | | | |
| 3 | | | | | | | Total | Health | | | | Union | | | | | | | |
| 4 | | | | | | | Gross | & | Pension | Annuity | JATC | Dues | Building | PAC | Schl. | | | | |
| 5 | Pmnt | Check | Check | Month | Total | Total | Wages | Welfare | Fund | Fund | Fund | Mkt Rec. | Fund | Fund | Fund | NEBF | NECA | LMCC | AMF |
| 6 | Date | Number | Amount | | Hours | O/T Hrs. | Col 5 | Col 6 | Col 7 | Col 8 | Col 9 | Col 10 | Col 11 | Col 12 | n/a | Col 15 | | Col 13 | Col 14 |
| 7 | | | | | Col 4 | Col 4 | Col 6 | Col 7 | Col 8 | Col 9 | Col 10 | Col 11 | Col 12 | Col 13 | Col 14 | A | B | D | C |
| 8 | | | | | Col 5 | Col 5 | | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | | | | | | | | |
| 10 | | | | Jan-2003 | 458.75 | | $ 16,757.30 | $ 2,848.75 | $ 1,005.44 | $ 2,681.17 | $ 167.58 | $ 840.97 | $ 167.58 | $ 24.27 | $ - | $ 502.72 | $ - | $ - | $ |
| 11 | | | | | | | | $ 2,848.75 | | | | | | | | | | | |
| 12 | 3/11/2004 | 11544 | $ 5,209.62 | | | | | | | | | | | | | | | | |
| 13 | 3/11/2004 | 11545 | $ 1,338.68 | | | | | | $ 1,005.44 | | | | | | | | | | |
| 14 | 3/11/2004 | 11546 | $ 4,403.16 | | | | | | | $ 2,681.17 | | | | | | | | | |
| 15 | 3/11/2004 | 11547 | $ 306.46 | | | | | | | | $ 167.58 | | | | | | | | |
| 16 | 3/11/2004 | 11548 | $ 1,172.16 | | | | | | | | | $ 840.97 | | | | | | | |
| 17 | 3/11/2004 | 11549 | $ 306.46 | | | | | | | | | | $ 167.58 | | | | | | |
| 18 | 3/11/2004 | 11550 | $ 45.30 | | | | | | | | | | | $ 24.27 | | | | | |
| 19 | (Difference belongs to 12/2002) | | | | | | | | | | | | | | | | | | |
| 20 | | | | | | | | | | | | | | | | | | | |
| 21 | | | | | | | | | | | | | | | | | | | |
| 22 | O/S Money Due | | | Feb-2003 | 292.25 | | $ 13,590.76 | $ 2,310.43 | $ 815.45 | $ 2,174.52 | $ 135.91 | $ 519.85 | $ 136.91 | $ 18.28 | $ - | $ 407.72 | $ - | $ - | $ |
| 23 | | | | | | | | | | | | | | | | | | | |
| 24 | | | | | | | | | | | | | | | | | | | |
| 25 | O/S Money Due | | | Mar-2003 | 483 | | $ 17,901.44 | $ 3,043.24 | $ 1,074.09 | $ 2,884.23 | $ 179.01 | $ 684.73 | $ 179.01 | $ 24.28 | $ - | $ 537.04 | $ - | $ - | $ |
| 26 | | | | | | | | | | | | | | | | | | | |
| 27 | | | | | | | | | | | | | | | | | | | |
| 28 | O/S Money Due | | | Apr-2003 | 224 | | $ 7,551.69 | $ 1,283.79 | $ 453.10 | $ 1,208.27 | $ 75.52 | $ 288.85 | $ 75.52 | $ 11.20 | $ - | $ 226.55 | $ - | $ - | $ |
| 29 | | | | | | | | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | | | | | | | | |
| 31 | O/S Money Due | | | May-2003 | unkwn | | $ 11,064.32 | $ 1,880.94 | $ 663.96 | $ 1,770.64 | $ 119.64 | $ 423.21 | $ 110.64 | $ 18.61 | $ - | $ 331.93 | $ - | $ - | $ |
| 32 | | | | | | | | | | | | | | | | | | | |
| 33 | | | | | | | | | | | | | | | | | | | |
| 34 | | | | | | | | | | | | | | | | | | | |
| 35 | O/S Money Due | | | Jun-2003 | 315 | | $ 10,829.70 | $ 1,841.05 | $ 649.78 | $ 1,732.75 | $ 108.30 | $ 414.24 | $ 108.30 | $ 15.76 | $ - | $ 324.89 | $ - | $ - | $ |
| 36 | | | | | | | | | | | | | | | | | | | |
| 37 | | | PAID | Jul-2003 | 294.5 | | $ 9,704.41 | $ 1,848.75 | $ 582.26 | $ 1,552.71 | $ 97.04 | $ 371.19 | $ 97.04 | $ 16.50 | $ - | $ 291.13 | $ - | $ - | $ |
| 38 | | | | | | | | | | | | | | | | | | | |
| 39 | | | | | | | | | | | | | | | | | | | |
| 40 | | | | | | | | | | | | | | | | | | | |
| 41 | | | PAID | Aug-2003 | 423.25 | | $ 14,448.97 | $ 2,458.32 | $ 866.94 | $ 2,311.84 | $ 144.49 | $ 552.67 | $ 144.49 | $ 21.98 | $ - | $ 433.47 | $ - | $ - | $ |
| 42 | | | | | | | | | | | | | | | | | | | |
| 43 | | | | | | | | | | | | | | | | | | | |
| 44 | | | | | | | | | | | | | | | | | | | |
| 45 | | | | | | | | | | | | | | | | | | | |
| 46 | O/S Money Due | | | Sep-2003 | 338.5 | | $ 11,317.49 | $ 1,923.98 | $ 679.04 | $ 1,810.78 | $ 113.07 | $ 432.89 | $ 113.17 | $ 17.74 | $ - | $ 339.52 | $ - | $ - | $ |
| 47 | | | | | | | | | | | | | | | | | | | |
| 48 | | | | | | | | | | | | | | | | | | | |
| 49 | O/S Money Due | | | Oct-2003 | 367.25 | | $ 13,438.86 | $ 2,284.61 | $ 806.33 | $ 2,150.22 | $ 134.39 | $ 514.04 | $ 134.39 | $ 18.53 | $ - | $ 403.17 | $ - | $ - | $ |
| 50 | | | | | | | | | | | | | | | | | | | |
| 51 | | | | | | | | | | | | | | | | | | | |
| 52 | O/S Money Due | | | Nov-2003 | 404 | | $ 14,979.58 | $ 2,546.53 | $ 898.77 | $ 2,396.73 | $ 149.80 | $ 572.97 | $ 149.80 | $ 21.80 | $ - | $ 449.39 | $ - | $ - | $ |
| 53 | | | | | | | | | | | | | | | | | | | |
| 54 | | | | | | | | | | | | | | | | | | | |
| 55 | O/S Money Due | | | 12/1/20003 | 374 | | $ 12,920.22 | $ 2,196.44 | $ 775.21 | $ 2,067.24 | $ 129.20 | $ 494.20 | $ 129.20 | $ 21.79 | $ - | $ 387.61 | $ - | $ - | $ |
| 56 | | | | | | | | | | | | | | | | | | | |
| 57 | | | | | | | | | | | | | | | | | | | |
| 58 | | | | | | | | | | | | | | | | | | | |
| 59 | | | | | | | | | | | | | | | | | | | |
| 60 | | | | | | | | | | | | | | | | | | | |
| 61 | Amount O/S based on Rpts Rcv'd Without Money | | | | | | $113,593.97 | $ 19,310.89 | $ 6,815.73 | $ 18,175.38 | $1,135.84 | $4,344.98 | $1,135.94 | $ 167.97 | $ - | $3,407.82 | $ - | $ - | $ - |

Civic Center Contractor Report History and Payments.xls

## Civic Center Contractors Report and Payment History - Year 2004

| Pmnt Date | Check Number | Check Amount | Month | Total Hours Col 5 | Total Gross Wages Col 6 | Health & Welfare Col 7 | Pension Fund Col 8 | Annuity Fund Col 9 | JATC Fund Col 10 | Union Dues Col 11 | Building Fund Col 12 | PAC Fund Col 13 | Schl. Fund Col 14 | NEBF | NECA | ANF | RI LMCC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| O/S Money Due | | | Jan-2004 | 562.5 | $ 20,762.29 | $ 3,528.59 | $ 1,245.74 | $ 3,321.97 | $ 207.62 | $ 794.16 | $ 207.62 | $ 31.56 | $ - | $ 622.87 | $ - | $ - | $ - |
| O/S Money Due | | | Feb-2004 | 381 | $ 12,989.63 | $ 2,204.84 | $ 778.18 | $ 2,075.14 | $ 129.70 | $ 496.09 | $ 129.70 | $ 19.87 | $ - | $ 389.09 | $ - | $ - | $ - |
| O/S Money Due | | | Mar-2004 | 409 | $ 13,919.87 | $ 2,366.38 | $ 835.19 | $ 2,227.18 | $ 139.20 | $ 532.44 | $ 139.20 | $ 20.46 | $ - | $ 417.60 | $ - | $ - | $ - |
| | | | Apr-2004 | | | | | | | | | | | | | | |
| | | | May-2004 | | | | | | | | | | | | | | |
| | | | Jun-2004 | | | | | | | | | | | | | | |
| | | | Jul-2004 | | | | | | | | | | | | | | |
| | | | Aug-2004 | | | | | | | | | | | | | | |
| | | | Sep-2004 | | | | | | | | | | | | | | |
| | | | Oct-2004 | | | | | | | | | | | | | | |
| | | | Nov-2004 | | | | | | | | | | | | | | |
| | | | Dec-2004 | | | | | | | | | | | | | | |
| Total Monies Due From Received Reports | | | | | $ 47,651.79 | $ 8,100.81 | $ 2,859.11 | $ 7,624.29 | $ 476.52 | $ 1,822.69 | $ 476.52 | $ 71.89 | $ - | $ 1,429.56 | $ - | $ - | $ - |